[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henderson v. Sweeney,* Slip Opinion No. 2016-Ohio-3413.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3413

THE STATE EX REL. HENDERSON, APPELLANT, *v.* SWEENEY, JUDGE, ET AL., APPELLEES.

THE STATE EX REL. HENDERSON, APPELLANT, *v.* SWEENEY, JUDGE, ET AL., APPELLEES.

THE STATE EX REL. HENDERSON, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Henderson v. Sweeney,* Slip Opinion No. 2016-Ohio-3413.]

*Prohibition and Procedendo—R.C. 2323.52—Appellant failed to obtain leave to continue litigating his pending complaints after he was declared to be a vexatious litigator—Court of appeals' dismissals of complaints affirmed.*

(Nos. 2015-1218, 2015-1253, and 2015-1338—Submitted March 8, 2016—Decided June 16, 2016.)

APPEALS from the Court of Appeals for Cuyahoga County, Nos. 102784, 2015-Ohio-2282; 102541, 2015-Ohio-2412; and 102840, 2015-Ohio-2710.

_____

**Per Curiam.**

{¶ 1} Appellant, Troy Henderson, appeals from the judgments of the Eighth District Court of Appeals dismissing his two complaints for writs of prohibition and his complaint for a writ of procedendo. Because these appeals raise similar issues, we consolidate them for purposes of decision.

{¶ 2} We affirm the judgments of the court of appeals and deny Henderson's motions for leave to file his appeals as well as the motions to strike Henderson's motions that were filed by appellees, Judges Kristin Sweeney, Jerry Hayes, and John Sutula and the Cuyahoga County Juvenile Court.

*Facts*

{¶ 3} In case No. 2015-1218, Henderson filed in the Eighth District Court of Appeals a complaint for a writ of prohibition to restrain Judge Sweeney and the Cuyahoga County Juvenile Court from "presiding and proceeding in any litigation regarding contempt charges" in an action pending in the juvenile court. The court of appeals dismissed the complaint sua sponte, primarily on the basis that Henderson continued to litigate the case after he had been declared a vexatious litigator in *Henderson v. Alamby*, Cuyahoga C.P. No. CV-13-803590, on April 21, 2015, without filing an application for leave to proceed in the action as required by R.C. 2323.52(F). 8th Dist. Cuyahoga No. 102784, 2015-Ohio-2282, ¶ 1-5. The court also concluded that the complaint lacked merit because it was within the juvenile court's jurisdiction to hold the contempt hearing. *Id*. at ¶ 6-12. In addition, the court noted that res judicata barred Henderson's complaint, because in a previous prohibition case filed by Henderson, the court already had addressed the claims raised in his complaint. *Id*. at ¶ 13-14. Henderson appealed.

{¶ 4} In case No. 2015-1253, Henderson filed in the Eighth District a complaint for a writ of procedendo to compel Judges Sweeney and Hayes and the Cuyahoga County Juvenile Court to rule on various motions in the juvenile proceeding. Judges Sweeney and Hayes and the juvenile court filed a motion for

2

summary judgment, and Henderson responded with his own summary-judgment motion. The court of appeals dismissed the complaint, because Henderson continued to litigate the procedendo case without obtaining leave to proceed after he was declared a vexatious litigator. 8th Dist. Cuyahoga No. 102541, 2015-Ohio-2412, ¶ 1-5. The court of appeals stated that it also would have been appropriate to dismiss the complaint as moot and on the merits. *Id.* at ¶ 6-10. Henderson appealed.

**{¶ 5}** Finally, in case No. 2015-1338, Henderson filed in the Eighth District a complaint for a writ of prohibition seeking to prohibit Judge Sutula from exercising jurisdiction in the vexatious-litigator action in the Cuyahoga County Court of Common Pleas. Judge Sutula filed a motion for summary judgment, and Henderson responded with his own summary-judgment motion. The court of appeals granted Judge Sutula's motion for summary judgment, because Henderson, although having been declared a vexatious litigator, had continued litigating the prohibition action without obtaining leave to proceed. 8th Dist. Cuyahoga No. 102840, 2015-Ohio-2710, ¶ 10-11. Henderson appealed.

*Analysis*

**{¶ 6}** We affirm the judgments in all three cases before us because Henderson has been declared a vexatious litigator and has failed to fulfill the statutory requirements before continuing litigation in his original actions. R.C. 2323.52(D)(3) provides:

> A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, *continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order*, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal

proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

(Emphasis added.) R.C. 2323.52(F)(2) provides that a vexatious litigator "who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed * * * *shall file an application for leave to proceed in the court of appeals* in which the legal proceedings would be instituted or are pending." (Emphasis added.) In addition, R.C. 2323.52(I) provides:

Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending *shall dismiss the proceedings* or application of the vexatious litigator.

(Emphasis added.)

{¶ 7} Henderson's various complaints were filed before he was found to be a vexatious litigator on April 21, 2015, but after that date, Henderson was required to obtain leave to continue litigating his pending complaints for writs of prohibition and procedendo. He failed to do so in all three cases. Thus, it was appropriate for the court of appeals in each case to dismiss the original actions on the basis of R.C. 2323.52. We therefore affirm the judgments of the court of appeals.

4

**{¶ 8}** In all three cases, Henderson also filed motions in this court for leave to appeal, and appellees filed motions to strike those motions. In case No. 2015-1338, the motion to strike was denied as moot because the motion for leave to proceed was not required. 143 Ohio St.3d 1471, 2015-Ohio-3855, 37 N.E.3d 1254. The requirements of R.C. 2323.52 do not apply in this court. *See* R.C. 2323.52(F). Indeed, this court has its own rule regarding vexatious litigators, S.Ct.Prac.R. 4.03(B), and Henderson has not been named a vexatious litigator in this court. Therefore, he does not need permission to appeal here. Henderson's motions for leave are denied in all three cases, and appellees' motions to strike are denied as moot in case Nos. 2015-1218 and 2015-1253.

Judgments affirmed
and motions denied.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Troy Henderson, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Nora E. Graham, Assistant Prosecuting Attorney, for appellees.

_____