[Cite as *Beem v. Zanghi*, 2019-Ohio-2184.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| KIMBERLY R. BEEM | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-117 |
| MARK A. ZANGHI | : |  |
|  | : |  |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:      Civil appeal from the Licking County Court
                              of Common Pleas, Case No. 2016CV00990

JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       June 3, 2019

APPEARANCES:

For Plaintiff-Appellant            For Defendant-Appellee
KIMBERLY BEEM PRO SE               MARK ZANGHI
376 Hudson Avenue                  P.O. Box 189
Apartment 12                       27 North Fifth Street, Suite 201
Newark, OH 43055                   Zanesville, OH 43702-0189

*Gwin, P.J.*

{¶1} Appellant appeals the judgment entry of the Licking County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On October 18, 2016, appellant Kimberly Beem filed a petition for civil stalking protection order ("CPO") against appellee Mark Zanghi. The magistrate denied appellant's petition for an ex parte CPO and set the matter for a full hearing on the petition. After a full hearing, the magistrate granted appellee's motion to dismiss and dismissed appellant's petition. The trial court adopted the magistrate's dismissal.

{¶3} On August 21, 2017, appellee filed an application to seal the record. The trial court granted appellee's motion to seal the record on August 30, 2017. Appellant filed an opposition to the application to seal on August 30, 2017.

{¶4} Appellant filed a motion to unseal the record on August 17, 2018. Appellee filed a memorandum contra on August 20, 2018. On August 28, 2018, the trial court dismissed appellant's motion as moot. Appellant filed a motion for reconsideration on August 31, 2018. Appellee filed a memorandum contra on September 6, 2018. The trial court overruled and denied appellant's motion on September 13, 2018. On October 26, 2018, appellant filed a motion to release/unseal. Appellee filed a memorandum in response on October 30, 2018. The trial court denied the motion on November 2, 2018. On November 6, 2018, appellant filed a motion asking the trial court to issue a final appealable order. Appellee filed a memorandum in response on November 9, 2018. On November, 21, 2018, the trial court issued a nunc pro tunc judgment entry of the November 2, 2018 entry, adding language that the order is a final appealable order.

{¶5} Appellant appeals the judgment entry of the Licking County Court of Common Pleas and assigns the following as error:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO UNSEAL THE TRIAL COURT RECORD."

*Vexatious Litigator*

{¶7} As an initial matter, we must determine whether the above-captioned case should be dismissed pursuant to R.C. 2323.52.

{¶8} On March 4, 2019, the Licking County Court of Common Pleas declared appellant to be a vexatious litigator pursuant to R.C. 2323.52. The judgment entry provides that appellant is "indefinitely prohibited from doing any of the following without first obtaining leave of this Court to proceed * * *(D) Instituting or continuing any legal proceedings in the Court of Appeals without first obtaining leave from the Court of Appeals pursuant to R.C. 2323.52(F)(2)."

{¶9} R.C. 2323.52(D)(3) provides:

A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

**{¶10}** R.C. 2323.52(F)(2) provides that a vexatious litigator who seeks to continue any legal proceedings in a court of appeals "shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending." Additionally, R.C. 2323.52(I) states that,

> Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.

**{¶11}** Appellant's appeal was filed on December 17, 2018. Appellant was declared a vexatious litigator pursuant to a journal entry on March 4, 2019. Thus, appellant was required to obtain leave to continue litigating this appeal. Appellant failed to do so. The failure of appellant to obtain leave to proceed with her appeal in this case mandates dismissal of her appeal pursuant to R.C. 2323.52(I). *State ex rel. Henderson v. Sweeney,* 146 Ohio St.3d 252, 2016-Ohio-3413, 54 N.E.3d 1245.

{¶12} Based on the foregoing, the appeal in this matter is hereby dismissed.


By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur