[Cite as *J&V Property Mgt. v. Link*, 2020-Ohio-1398.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  | JUDGES: |
|---|---|---|
| J&V PROPERTY MANAGEMENT | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R.  Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case Nos. 19 CA 25 and 19 CA 26 |
| WAYNE LINK | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:     Civil appeal from the Court of Common
Pleas, Case Nos. 18OT10-0261 and
19OT02-0050

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     April 8, 2020

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KOREY KIDWELL                         WAYNE LINK, PRO SE
112 North Main Street                  1729 Vernonview Drive
Mount Vernon, Ohio 43050            Mount Vernon, Ohio 43050

*Wise, J.*

**{¶1}** This is a consolidated appeal wherein Appellant appeals two decisions entered in the Knox County Common Pleas Court: a July 8, 2019, Order granting Summary Judgment in favor of Appellee J&V Property Management LLC, and a July 8, 2019, Order dismissing Appellant's Complaint under the doctrine of *res judicata*.

*Facts & Procedural History*

**{¶2}** For purposes of this appeal, the relevant facts and procedural history are as follows:

**{¶3}** On September 5, 2018, Appellee J&V Property Management LLC filed a forcible entry and detainer action against Appellant Wayne Link. The complaint alleged Link entered into possession of the premises located at 6 West Chester Street, Apartment 5, in Mount Vernon, Ohio, as a tenant under a written lease dated August 26, 2014. J&V further averred that Link was in default of payment of rent for March 1, 2018, to August 31, 2018, in the amount of $720.00. J&V sought judgment against Link for restitution of the premises and costs.

**{¶4}** Link filed an answer to the complaint, stating he did not enter into a residential lease with J&V, but entered into a residential lease agreement with D.R. Homes. Link stated the rent arrearage is owed to D.R. Homes, and thus, D.R. Homes is the real party in interest.

**{¶5}** Link filed a counterclaim against J&V and a cross-claim against D.R. Homes, arguing D.R. Homes and J&V are avoiding compliance with housing standards, and D.R. Homes did not maintain the premises in habitable condition. Link sought $20,000 in compensatory damages and $20,000 in punitive damages, and/or injunctive

relief of the premises being repaired and in compliance with HUD requirements.  Link also filed a motion to transfer the case to the Knox County Common Pleas Court.   J&V opposed the motion to transfer.

**{¶6}**   On October 1, 2018, the Mount Vernon Municipal Court transferred Link's counterclaim and cross-claim to the Knox County Court of Common Pleas for adjudication.  Case No. 18OT10-0261 is hereinafter referred to as Case 1.

**{¶7}**   On October 30, 2018, Appellant filed an Amended Motion to Join Necessary Parties.

**{¶8}**   On February 12, 2019, the Knox County Court of Common Pleas denied Appellant's Motion to Amend Crossclaim and Counterclaim to add Joe Hedrick, Vicki Hedrick, Rebekah Mullins, Daniel Mullins and Knox Metropolitan Authority.

**{¶9}**   On February 22, 2019, Appellant filed a Complaint, being Case No.190T02-0050, in the Knox County Court of Common Pleas against Appellee and all the parties listed above based on the same set of facts and accusations. Case No.190T02-0050 is hereinafter referred to as Case 2.

**{¶10}**  On March 7, 2019, Appellee filed an Answer and a Motion to Dismiss pursuant to Ohio Rules of Civil Procedure 12(B) in Case 2.

**{¶11}**  On March 21, 2019, Appellant filed a Response to Defendant's Motion to Dismiss in Case 2.

**{¶12}**  On February 21, 2019, Appellee filed a Motion to Dismiss Counterclaim and Crossclaim in Case 1.

**{¶13}**  On April 26, 2019, Appellant filed a Response to Plaintiff's Motion to Dismiss in Case 1.

**{¶14}** On May 1, 2019, the Knox County Court of Common Pleas issued an Order treating Appellee's motion to dismiss as a motion for summary judgment and granting Appellee twenty-one (21) days to file additional documents and Appellant fourteen (14) days to respond in Case 1.

**{¶15}** On May 6, 2019, prior to Appellee's deadline, Appellant filed a Motion for Continuance.

**{¶16}** On May 23, 2019, Appellant filed a Memorandum Contra to Plaintiff's Motion for Summary Judgment.

**{¶17}** On June 4, 2019, the Knox County Court of Common Pleas denied Appellant's motion for continuance and granted him an additional fourteen (14) days to respond in Case 1. Appellant did not make any further filings or attempt any further discovery.

**{¶18}** On July 8, 2019, the Knox County Court of Common Pleas dismissed all of Appellant's claims in Case Numbers 180T10-0261 and 190T02-0050 in two separate Orders. Case Number 180T10-0261 is being appealed as Case Number 19CA25 and Case Number 190T02-0050 is being appealed as Case Number 19CA26.

**{¶19}** On July 31, 2019, Appellant filed a Motion to Consolidate Appellate Cases. Appellee did not object to consolidation.

**{¶20}** On August 12, 2019, this Court consolidated Case Numbers 19CA25 and 19CA26 for merit review and, if necessary, oral argument.

**{¶21}** Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶22}** "I. THE TRIAL COURT ERRED PURSUANT TO OHIO CIVIL RULE 12(B)(6) BY DISMISSSING THE APPELLANT'S COMPLAINT WHEN IT FAILED TO EVALUATE THE ELEMENTS OF EACH CAUSE OF ACTION IN ORDER TO WEIGH THE SUFFICIENCY OF THE COMPLAINT.

**{¶23}** "II. THE TRIAL COURT ERRED PURSUANT TO OHIO CIVIL RULE 12(B)(6) BY CONVERTING THE APPELLEE'S MOTION TO DISMISS TO ONE OF SUMMARY JUDGMENT WITHOUT GIVING THE PARTIES NOTICE OF THE COURT'S INTENTION TO CONVERT THE MOTION.

**{¶24}** "III. THE TRIAL COURT ERRED PURSUANT TO OHIO CIVIL RULE 12(B)(6) BY NOT USING EVIDENTIARY MATERIAL SANCTIONED BY OHIO CIVIL RULE 56 TO SUPPORT A MOTION FOR SUMMARY JUDGMENT."

**Vexatious Litigator**

**{¶25}** This Court finds that Appellant was declared a vexatious litigator pursuant to R.C. §2323.52(D)(1) on February 18, 2020.

**{¶26}** A "vexatious litigator" is defined as "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *." R.C. §2323.52(A)(3).

**{¶27}** R.C. §2323.52(D)(3), provides:

(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

{¶28} R.C. §2323.52(F)(2) provides that a vexatious litigator who seeks to continue any legal proceedings in a court of appeals "shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending."

{¶29} Additionally, R.C. §2323.52(I), provides:

(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.

{¶30} Appellant herein failed to file an application to proceed as required in either of the two appellate cases which were consolidated in this matter.

**{¶31}** Appellant's appeals were filed on July 15, 2019. Appellant was declared a vexatious litigator February 18, 2020. Thus, appellant was required to obtain leave to continue litigating this appeal. Appellant failed to do so. The failure of Appellant to obtain leave to proceed with his appeal in this case mandates dismissal of his appeal pursuant to R.C. §2323.52(I). *State ex rel. Henderson v. Sweeney*, 146 Ohio St.3d 252, 2016-Ohio-3413, 54 N.E.3d 1245.

**{¶32}** Based on the foregoing, the instant appeal from the Knox County Common Pleas Court is dismissed.


By Wise, J.

Gwin, P. J., and

Baldwin, J., concur


JWW/d 0331